Yang v. Whitaker

BIA
Elstein, IJ
A099 682 881

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

_____

XUE JIN YANG,
>        *Petitioner,*

>        v.                                                  14-4398
>                                                            NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          WaiSim M. Cheung, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Christina Parascandola,

1

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Jin Yang, a native and citizen of the People's Republic of China, seeks review of a November 5, 2014, decision of the BIA affirming the May 12, 2011, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying her motion to remand. *In re Xue Jin Yang*, No. A099 682 881 (B.I.A. Nov. 5, 2014), *aff'g* No. A099 682 881 (Immig. Ct. N.Y. City May 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-

2

04122018-7

58 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

Yang applied for asylum, withholding of removal, and CAT relief, asserting a fear of persecution based on the birth of her children in the United States in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that Yang failed to satisfy her burden for asylum, withholding of removal, and CAT relief. *See* 546 F.3d at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

As to Yang's motion to remand based on her religious practice in the United States, the BIA did not err in finding that she failed to demonstrate her prima facie eligibility for relief because she did not submit evidence that Chinese authorities are aware or likely to become aware of her religious practice. *See Jian Hui Shao*, 546 F.3d at 168; *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4

04122018-7